Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4024 | **DATE** | 9/17/2001 |
| **CASE TITLE** | BRENT KAMLER vs. H/N TELECOMMUNICATIONS SERVICES, INC., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Starmark's bill of costs [88-1] is granted in part. Starmark is awarded $2,791.94 in costs. Pal, Pal Plan, and Royal's bill of costs [87-1] is granted in part. Pal, Pal Plan, and Royal are awarded $3,275.44 in costs. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | SEP 1 9 2001 | |
| | Notified counsel by telephone. | date docketed | 97 |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 9/17/2001 | |
| | | date mailed notice | |
| SB | courtroom deputy's initials | 01 SEP 18 PM 5: 35 | |
| | | CB mailing deputy initials | |
| | | Date/time received in central Clerk's Office | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRENT KAMLER )
)
Plaintiff, ) No. 00 C 4024
)
v. ) Suzanne B. Conlon, Judge
)
H/N TELECOMMUNICATION )
SERVICES, INC., et al. )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Brent Kamler sued H/N Telecommunication Services, Inc., formerly known as PAL Telecom Group ("PAL"), Royal & Sunalliance ("Royal"), Pal Telcom Group, Inc. Employee Welfare Benefit plan ("Pal Plan"), and Star Marketing & Administration, Inc. ("Starmark") (collectively "defendants") for violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and for common law claims. This court entered summary judgment for defendants, who seek an award of costs pursuant to 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d). Starmark submits a bill of costs to recover $4,956.44, and Pal, the Pal Plan, and Royal submit a bill of costs to recover $3,423.57.

### DISCUSSION

"[C]osts ... shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" Fed. R. Civ. P. 54(d). Recoverable costs are specified in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). Recoverable costs include: (1) fees of the clerk; (2) fees for transcripts; (3) fees for printing and witnesses; (4) fees for copies of papers

1

necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920. Rule 54(d) creates a strong presumption favoring the award of costs to the prevailing party. *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). The presumption is difficult to overcome, and the district court's discretion is narrowly confined – "the court must award costs unless it states good reasons for denying them." *Id.* (citing *Congregation of the Passion v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988)).

I.  **Starmark's Bill of Costs**

Starmark seeks $2,164.50 for photocopying charges, and $2,791.94 for deposition costs. Kamler objects to the taxing of costs.

A.  **Photocopying charges**

Necessary copying costs are recoverable under 28 U.S.C. § 1920(4). To be recoverable, the copies must actually be prepared for use in presentations to the court. *EEOC v. Kenosha Unified School Dist. No. 1*, 620 F.2d 1220, 1227-28 (7th Cir. 1980). Copies of court filings for a party's personal use, extra copies of filed papers and correspondence, and copies of cases are not recoverable. *Haroco v. American Nat'l Bank & Trust of Chicago*, 38 F.3d 1429, 1441 (7th Cir. 1994); *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990).

Starmark seeks $2,164.50 in photocopying costs. In response, Kamler argues Starmark has not demonstrated the copies were necessary. The court is unable to determine whether Starmark's copying costs are recoverable. A prevailing party may not simply make unsubstantiated claims that copies were necessary, "since the prevailing party alone knows for what purpose the copies were made." *Mortell v. MacNeal Health Care Serv. Corp.*, No. 99 C 4531, 2000 WL 804666, at *3 (N.D. Ill. June 21, 2000). Starmark attaches an affidavit of its counsel, Jennifer S. Stegmaier, in support

2

of its bill of costs. That affidavit merely states the "copies were necessarily obtained for use in the case." Starmark's Bill of Costs, Ex. 2A at ¶ 4. This unexplained conclusion is insufficient. The affidavit does not state the purpose for the copies, whether multiple copies were made of the same documents, or identify the copied documents. The conclusory affidavit does not aid the court in assessing the propriety of taxing Kamler for Starmark's copying costs. *MI-Jack Products v. International Union of Operating Engineers*, No. 94 C 6676, 1996 WL 139249, at *2 (N.D. Ill. Mar. 26, 1996) ("conclusory assertions that copying costs were necessary are not convincing"); *see also Mortell*, 2000 WL 804666, at *3; *Mortenson v. National Union Fire Insurance, Co.*, No. 99 C 2419, 2000 WL 347766, at *1 (N.D. Ill. Apr. 3, 2000).

In addition, Starmark submits an itemization of the dates on which portions of the $2,164.50 in copying charges were incurred. This list provides no information on the purpose of the copies or the contents of the documents copied. "Mere lists of copying costs are insufficient for recovery." *MI-Jack Products*, 1996 WL 139249, at *2; *see also Arachnid v. Valley Recreation Products*, 143 F.R.D. 192, 194 (N.D. Ill. 1992) (refusing to tax copy costs where court cannot ascertain use of copies from law firm invoices).

Although Starmark is not required to submit a bill of costs "containing a description so detailed as to make it impossible economically to recover photocopying costs," *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir.1991), the court cannot award photocopying costs without some confidence that the costs are properly recoverable. In the absence of reliable verification that the copies were necessary, the court declines to tax Starmark's photocopying costs. *See Mortenson*, 2000 WL 347766 *1. Accordingly, Starmark may not recover $2,164.50 for photocopying expenses.

## B. Deposition transcripts

Starmark seeks $2,791.94 for the deposition transcripts of Brent Kamler, George Lamplota, James Oliva, Janet M. Roberts, Harold Sriver, Tonya Wentz, Bernadette Wendell, Andrew Kabel, Dick Arendt, Victor Jaworski, and Nestor Popowych. Section 1920(2) authorizes the taxing of deposition transcripts "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). This phrase contemplates the materials be "actually prepared for use in presenting evidence to the court." *Kenosha*, 620 F.2d at 1227-28 (7th Cir. 1980). However, "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough if they are reasonably necessary." *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993) (internal quotations omitted).

Starmark contends the transcripts were necessary because the deponents were potential witnesses. *See* Starmark's Bill of Costs, Ex. A. at ¶ 3. In response, Kamler concedes the transcripts of four deponents were reasonably necessary – Kamler, Wendell, Kabel, and Ardent. However, Kamler argues the remaining transcripts were unnecessary because those depositions related to claims not asserted against Starmark. Kamler points out Starmark was sued only for its alleged failure to provide plan documents.

A review of the summary judgment pleadings demonstrates Kamler's position must be rejected. A material issue in the case was whether Kamler had standing to bring an ERISA claim. At summary judgment, Starmark asserted that Kamler was not an ERISA participant because he never enrolled in Pal's benefits plan. *Kamler v. H/N Telecommunication Services, et al.*, No. 00 C 4024, 2001 WL 740516, at *5 (N.D. Ill. June 25, 2001). Popowych, Lamplota, Jaworksi, and Oliva were involved in the meetings, telephone calls, and faxes that led Kamler to conclude he was enrolled in Pal's benefits plan. *Id.* Wentz was the senior liability specialist at Royal who determined

4

Kamler was ineligible for benefits. Indisputably, these five individuals were potential witnesses for Starmark to establish its defense. It is well settled that deposition costs satisfy § 1920(2) if the deposition was "reasonably necessary ... in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use." *Barber*, 7 F.3d at 645 (internal quotations and citations omitted). The fact that the case did not result in a trial is immaterial. *See also Cengr*, 135 F.3d at 455 (where individuals are potential witnesses, ordering of transcripts is reasonable).

Additionally, Starmark argued it was not liable because Pal was the plan administrator. *Kamler*, 2001 WL 740516, at *7. The plan administrator was obligated to provide plan documents upon Kamler's request under 29 U.S.C. § 1024(b)(4). In light of Starmark's contention, Popowych (president of Pal), Sriver (vice-president of Pal), and Roberts (Pal's benefits administrator) were individuals with potential information about Pal's benefits plan. Thus, it was reasonably necessary for Starmark to obtain these deposition transcripts. Indeed, Kamler's own pleadings demonstrate the importance of these deponents. Kamler utilizes ten of the eleven deposition transcripts in its Rule 56.1 statement of facts. *See* Pl. Rule 56.1 Facts at Ex. 1-10. Furthermore, Section 1920 and Rule 54(d) create a strong presumption favoring the award of costs to Starmark as the prevailing party. Kamler has provided nothing more than its conclusory assertion that these deponents were irrelevant. This statement does not constitute good reason for denying costs. *Weeks*, 126 F.3d at 945.

Starmark fails to specify the cost per page of the transcripts. Pal, Pal Plan, and Royal have submitted documentation showing they obtained the same transcripts from the same company (Legalink) at approximately the same time (April 2001) for $2.10 per page. *See* Pal, Pal Plan, and

Royal's Bill of Costs at Ex. 2A. Starmark's total cost per deposition transcript is substantially similar to Pal, Pal Plan, and Royal's cost. *Id.* The court therefore assumes Starmark expended $2.10 per page for an original transcript. This cost is reasonable. *See Mortell*, 2000 WL 804666, at *1 (Judicial Conference has established $3.00 as a reasonable rate per page of an original transcript). Kamler does not object to the actual cost of the transcripts. Accordingly, Starmark may recover $2,791.94 in deposition costs.

## II. Pal, Pal Plan, and Royal's Bill of Costs

Pal, Pal Plan, and Royal seek $132.13 for photocopying charges, and $3,291.44 for deposition costs. Kamler does not object to the bill of costs.

### A. Photocopying charges

Pal, Pal Plan, and Royal contend the photocopies were necessarily used in the case. No further elaboration is provided. *See* Pal, Pal Plan, and Royal's Bill of Costs, Ex. 2 at ¶ 3. These defendants attach invoices for copying charges that are devoid of any information on the purpose of the copies or the contents of the documents copied. *Id.* at Ex. 2B. As noted above, this form of supporting documentation does not assist the court in determining whether the copies were reasonably necessary for use in the case. *See supra* at 2-3. Accordingly, Pal, Pal Plan, and Royal may not recover $132.13 in photocopy charges.

### B. Deposition transcripts

Pal, Pal Plan, and Royal seek $3,291.44 to cover the cost of deposition transcripts of Kamler, Lamplota, Oliva, Roberts, Sriver, Wentz, Lamplota, Wendell, Kabel, Arendt, Jaworski, Popowych, and Jaroslaw Hankewych. Kamler does not object to the deposition costs. Excluding Hankewych, Pal, Pal Plan, and Royal seek costs for the same eleven deponents as Starmark. Pal, Pal Plan, and

Royal argued in its summary judgment motion that Kamler lacked standing under ERISA, and they were not the plan administrators. *See Kamler*, 2001 WL 740516, at *5-8. As noted above, the listed deponents were potential witnesses to establish those defenses. In addition, Pal and Pal Plan relied upon the depositions of Kamler, Wentz, Popowych, Roberts, and Jaworski in their summary judgment pleadings. *See* Def. Rule 56.1 Add. Facts at Ex. A-D; *Kelleher v. Solopak Pharm., Inc.*, No. 96 C 7743, 1997 WL 754032, at *3 (N.D. Ill. Nov. 19, 1997) (transcripts are reasonably necessary when used in summary judgment pleadings).

Pal, Pal Plan, and Royal have not provided any information on Hankewych. A review of the summary judgment pleadings sheds no light on Hankewych's role in the case. Consequently, the court is unable to determine whether Hankewych's transcript was reasonably necessary. The bill of costs is reduced by $16.00, the cost of Hankewych's transcript. Accordingly, Pal, Pal Plan, and Royal may recover $3,275.44 in costs.

## CONCLUSION

Starmark's bill of costs is granted in part. Starmark is awarded $2,791.94 in costs. Pal, Pal Plan, and Royal's bill of costs is granted in part. Pal, Pal Plan, and Royal are awarded $3,275.44 in costs.

September 17, 2001

ENTER:

Suzanne B. Conlon
United States District Judge

7